32 C.C.P.A. (Patents)

## In re WEBER.

### Patent Appeal No. 4996.

Court of Customs and Patent Appeals.

May 24, 1945.

Bailey, Stephens & Huettig, of Washington, D. C. (Robert C. Watson and Francis G. Cole, both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office rejected all of appellant's claims in his application for a patent relating to a compressed medicinal tablet and the process of producing the same. The tablet contains as an essential medicinal ingredient "an oily active material". Upon appeal to the Board of Appeals, the examiner's action was affirmed, and from the decision of the board appellant comes here petitioning that his appeal may be determined and that the decision of the board be revised and reversed as to claims 6 and 7 (the only claims involved), which read as follows:

"6. A process for producing compressed medicinal tablets containing, as an essential medicinal ingredient, an oily active material, which includes the steps of mixing the oily material with silicic acid and a binding agent, and compressing the mixture into tablet form, the amount of silicic acid employed being sufficient to prevent the expression of the oily material during the compressing step.

"7. A compressed medicinal tablet containing, as an essenial medicinal ingredient, an oily active material, and containing in admixture therewith silicic acid and a binding agent."

Appellant's process involves using a binding agent for dry, powdered, dehydrated silica gel or silicic acid, saturating the same with the oily constituent, such as cod liver oil, and compressing the mixture into tablets.

Appellant states that, prior to his alleged discovery, tablets containing materials of an oily nature have been very unsatisfactory in so far as the compressing of the tablets expels the oil, making the tablet speckled and crumbly. He also states that since the oil under pressure would frequently leave the tablet to some extent, it was difficult to secure the exact quantity of desirable oily constituent within the tablet. His method is explained by an example which he recites in the application:

### "Example 1

"3 parts by weight of acetyl-dl-oe-tocopherol, a light yellow oil boiling at 224° C. at a pressure of 0.3 mm, are triturated with 15 parts by weight of silicic acid and then mixed with 37 parts by weight of arrowroot and 15 parts by weight of lactose. This tablet powder is passed through a fine sieve,

again mixed and thereupon pressed into tablets having a weight of 70 mg."

The examiner rejected the appealed claims as lacking invention by reason of the disclosures in the following patent references: Wiggins, 2,038,694, Apr. 28, 1936; Fendler (Ger.) 229,141, Dec. 1, 1910; Marcus (Ger.) 323,908, Aug. 10, 1920; Ring (Br.) 254,726, July 28, 1927; Bachmann (Br.) 267,907, 1927.

The tribunals below pointed out that the citations well into two distinct groups. The first group consists of Wiggins and the two German patents to Fendler and to Marcus. The German patents disclose substantially the same subject matter as Wiggins, and Wiggins was relied upon by the examiner and the board as disclosing the high absorptive properties of silicic acid or silica gel and its properties as a carrier of oil for medicinal purposes. It is therefore unnecessary to discuss, in detail, the German references.

The British references, Ring and Bachmann, comprise the second group and disclose that silicic acid retains its adsorptive capacity under high pressure, such as is involved in molding it into shaped forms.

In the first group of references, the patentees mix the oil and other materials to form a dry powder. The silicic acid or silica gel adsorbs the desired oil, and medicinal dosages may be dispensed without any oily appearance.

Appellant's problem was to compress a powdery substance containing oil into a tablet. The Ring and Bachmann references clearly disclose that silicic acid can be pressed into desired shape, and that it still retains its adsorptive capacity. Ring states that high pressure does not reduce the absorptive power of the silicic acid. The following is found in the Ring specification:

" * * * It is a surprising fact the absorptive power of the moulded bodies, calculated per weight of silica, is even after pressing equal to that of the silica in its highly voluminous state. Care must be taken that when the compression takes place there is present at least the so-called hygroscopic proportion of water, that is to say such amount of water as the activated gel can take from saturated steam and compress within itself. * * * If the process is conducted in this way even high pressure in no way reduces the absorptive power of the gel. * * *

" * * * The presence of the hygroscopic water content when the silica is compressed results in preserving a high absorptive capacity."

Bachmann, on this phase of the case, has the following to say:

" * * * Contrary to what might be expected, it is found that the silicic acid produced according to my process may be moulded by application of pressure without difficulty. * * *

"The moulded silicic acid has the same adsorption capacity as it has when loose, and retains the same when dry."

It was the holding of the examiner and that of the board that in view of these disclosures, there was no invention involved in taking a well-known substance, whose properties were well-understood, and compressing it into tablet form. In addition to holding that it was not inventive to compress the oil-saturated silica gel or silicic acid of Wiggins, Fendler, or Marcus into tablet form in view of the British patent disclosures, the board also stated that regardless of the disclosures of Ring and Bachmann, it was considered not inventive merely to mold a tablet from oil-saturated silica gel or silicic acid, if it was desirable to have the material in tablet form rather than in powder form.

Appellant has stressed the fact that oil-containing tablets prior to his alleged invention were unsatisfactory and that in the art it was not thought that a powder containing oil could be compressed without the undesirable results hereinbefore pointed out. He also has called attention to the fact that in the Ring and Bachmann references, the necessary presence of water was stressed, which disclosure, together with the other facts disclosed in those references, he argues, would fail to lead anyone to believe that oil-saturated silica gel could be compressed "without danger of expressing the oil".

We have considered all appellant's arguments and carefully studied the references, but we find ourselves in the same position as were the tribunals of the Patent Office. So far as the record discloses, appellant may have greatly improved the art of making tablets of the kind described, but we conclude that the inventive faculty was not involved in what appellant has done.

The decision of the Board of Appeals is affirmed.

Affirmed.